SHIVERS, Judge.
Appellant, Shirley June Gallagher, appeals from a final judgment of dissolution of marriage. We find that the trial court erred in failing to consider Mr. Gallagher’s pension plan a potential marital asset, and reverse.
On February 6, 1986, appellee, Paul Aguirre Gallagher, filed a petition for dissolution of marriage. The cause proceeded to trial on issues of support, alimony, and equitable distribution of the parties’ marital assets. The trial court awarded Mrs. Gallagher her husband’s interest in the marital home as well as some furniture which remained in it. Mrs. Gallagher also received the couple’s Ford Escort. Although she sought permanent alimony, the trial court refused this request and awarded her rehabilitative alimony in the amount of $400 per month for one year. The trial court directed the parties to bear their own costs. Mrs. Gallagher appeals from the trial court’s determination that she was not entitled to permanent alimony as well as from its conclusion that the parties should bear their own attorney’s fees and costs.
In Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986), the Florida Supreme Court held that a spouse’s entitlement to pension or retirement benefits must be considered a marital asset for purposes of equitably 'distributing marital property. Given the disparity in the trial court’s division of marital assets, it appears that the court did not consider Mr. Gallagher’s pension as a marital asset. Mr. and Mrs. Gallagher owned a marital home which is valued at between $45,000-$50,000. The mortgage balance on the house is approximately $20,000. The trial court indicated that because Mr. Gallagher had agreed to convey his interest in the marital home to Mrs. Gallagher, he would consider this a form of lump-sum alimony. The trial court judge later stated, “I am substituting that [the title to the marital home] in lieu of permanent alimony.... I am substituting the husband’s interest in the home and awarding that as permanent periodic alimony to Mrs. Gallagher.” The judge made no statements either at the hearing below or in the final judgment of dissolution of marriage indicating he ever considered the possibility that Mr. Gallagher’s military pension was a marital asset which was subject to equitable distribution.
*253 Beginning in July 1987, Mr. Gallagher will receive about $18,000 a year from his Navy pension. By contrast, his wife will receive no permanent alimony for her contribution to the marriage and will earn approximately $387 a month. Mrs. Gallagher will receive a $20,000 interest in what was formerly the marital home. It is difficult to conceive how the trial court could have meant that the wife should trade her newly-acquired $20,000 interest in the house for a percentage in Mr. Gallagher’s $18,000 a year pension benefits. Mr. Gallagher is presently 48 years old. Figured on a basis of $18,000 over a 20-year period, Mrs. Gallagher is effectively trading her husband’s $20,000 interest in the marital home for a share in what could amount to a $360,000 pension plan. We therefore remand this cause to the trial court for reconsideration in light of Diffenderfer.
We have examined the other issues which Mrs. Gallagher raises in this appeal, most notably that of whether the trial court erred in failing to award her attorney’s fees and costs, and find that this is a matter best left to the trial court to resolve on remand.
REVERSED and REMANDED.
THOMPSON and NIMMONS, JJ., concur.